# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-311V
Filed: March 17, 2017
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| PATRICIA ZUCKERMAN, | \* |
| | \* |
| Petitioner, | \* |
| v. | \* |
| | \* Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | \* Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*William E. Cochran, Jr., Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN, for petitioner.*
*Sarah Christina Duncan, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On March 9, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered Guillain-Barre Syndrome ("GBS") as a result of receiving her September 29, 2014 influenza ("flu") vaccination. On October 20, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 22).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On February 6, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 26).  Petitioner requests attorneys' fees in the amount of $28,382.00 and attorneys' costs in the amount of $2,610.74 for a total amount of $30,992.74.  *Id.* at 1, 9-10.  In compliance with General Order #9, petitioner filed a signed statement indicating petitioner incurred no out-of-pocket expenses.  On February 23, 2017, respondent filed a response to petitioner's motion.  (ECF No. 28).

In her response, respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Petitioner "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

On November 4, 2016, the undersigned issued a reasoned decision in *Henry v. HHS*, No. 15-545V, 2016 WL 7189925 (Fed. Cl. Spec. Mstr. Nov. 4, 2016), addressing hourly rates for the McLaren firm.  The undersigned concluded that petitioner's counsel should be compensated at rates which are consistent with the rates requested in the instant application with the exception of the hourly rates billed for attorney travel time and for work performed by law clerks and paralegals in 2016 and 2017.  The undersigned adopts the reasoning in the *Henry* decision for the instant analysis.[3]

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or costs.  However, consistent with *Henry, supra*, the undersigned reduces the award to reflect a rate reduction for travel time and for 2016-17 law clerk and paralegal rates.

In April 2016, Mr. Cochran billed a total of 3.2 hours for travel time, amounting to billing of $2,201.00. (ECF No. 26-2, p. 7.)  Notwithstanding the fact that Mr. Webb was noted to be working on case review en route, the undersigned reduces the hourly rate for these hours by 50%.  *See, e.g., Hocraffer v. HHS,* No. 99-533V, 2011 WL 3705153, at *24 (noting that "Special masters consistently award compensation for travel time at 50% of the billing rate in the Vaccine Program.").  This results in a reduction of $1,100.50.

Additionally, there was 28.4 hours of paralegal time billed at a rate of $150 per hour, amounting to billing of $4,260.00.  (ECF No. 26-2, p. 16.)  Reducing the hourly rate to $145 reduces the total amount to $4118.00, a reduction of $142.00.

---

[3] Petitioner's counsel additionally cited 2017 rates in excess of those in *Henry* (ECF No. 26, p. 9) in petitioner's brief, but did not charge these rates in the instant case (ECF No. 26-2, p. 16).

2

Based on all of the above, the undersigned finds that petitioner's counsel is entitled to reasonable attorneys' fees and costs as follows:

| | |
|---|---:|
| Requested attorneys' fees (based on 102.4 total hours): | $ 28,382.00 |
| Less 50% reduction for 6.2 travel hours: | -$1,100.50 |
| Less 2016-17 paralegal rate reduction: | -$142.00 |
| Adjusted total: | $27,139.50 |
| Costs: | $ 2,610.74 |
| **Total Attorneys' Fees and Costs Awarded:** | **$29,750.24** |

**Accordingly, the undersigned awards a lump sum of $29,750.24, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Black McLaren Jones Ryland & Griffee, P.C.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

                                        <u>s/Nora Beth Dorsey</u>
                                        Nora Beth Dorsey
                                        Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.